UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN NGUYEN,<br><br>        Petitioner,<br><br>   v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>        Respondent. | 1:08-cv-01315-JMD-HC<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK TO ENTER JUDGMENT |

Petitioner Stephen Nguyen ("Petitioner") is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Factual and Procedural Background**

In 2007, Petitioner pleaded guilty to conspiracy to defraud the United States, mail fraud, and procuring false tax returns and was sentenced to a term of eighty-seven months incarceration. (Answer, Ex. 2). Petitioner was received into the custody of the Federal Bureau of Prisons (BOP) on October 24, 2007. (Answer, Ex. 1).

Petitioner filed the instant petition for writ of habeas corpus on September 4, 2008. (Doc. 1). Petitioner seeks relief by way of an order directing the BOP to immediately consider Petitioner for placement in a residential re-entry center (RRC). (Pet. at 1).

On September 18, 2008, Petitioner consented to Magistrate Jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 3). Respondent consented to Magistrate Jurisdiction on October 3, 2008. (Doc. 5).

Respondent filed an answer to the petition on December 15, 2008. (Doc. 10). Petitioner did not file a traverse.

///

**Discussion**

I.   **Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241).  Unlike section 2255, section 2241 does not contain language limiting jurisdiction under section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; *compare United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under section 2255 because petitioner was not claiming right to be released) *with Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (challenge to timing and amount of fine payments cognizable under section 2241's execution clause).  Accordingly, section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release or to shorten the duration of his confinement.  *See, e.g., v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241); *see also Montano-Figueroa*, 162 F.3d at 549 (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenge to restitution schedule).  Federal courts have jurisdiction to entertain challenges to the BOP's refusal to place a prisoner in an RRC facility pursuant to section 2241.  *See Rodriguez*, 541 F.3d at 1182 (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to RRC facility).

Respondent contends that the Court lacks jurisdiction over this matter because the petition does not challenge the fact or duration of Petitioner's confinement.  (Answer at 9-11).  Respondent cites a slew of civil rights cases such as *Ramirez v. Galaza*, 334 F.3d 850, 856-59 (9th Cir. 2003) for

the proposition that habeas jurisdiction is absent where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. (Answer at 11).[1] None of the cases Respondent cites in support of its jurisdictional argument states that a habeas petition must challenge the fact or duration of confinement in order for federal courts to have jurisdiction over the cause; in fact, several of the cases cited by Respondent throughout its brief foreclose Respondent's erroneous contention. *See Rodriguez*, 541 F.3d at 1182 (affirming grant of relief in action challenging BOP's refusal to transfer inmate to an RRC); *see also Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973) (acknowledging appropriateness of habeas actions for cases in which prisoners are "unlawfully confined in the wrong institution") (citing *In re Bonner*, 151 U.S. 242 (1894)).[2] Respondent avers that the Ninth Circuit's decision in *Rodriguez* "changed the legal landscape" with regard to RRC placements. (Answer at 4). Despite Respondent's heavy reliance on *Rodriguez*, Respondent fails to acknowledge that the *Rodriguez* Court affirmed a district court's grant of relief *in an action brought pursuant to section 2241*. 541 F.3d at 1182.

Petitioner is currently incarcerated at the U.S. Penitentiary at Atwater, which is within the territorial jurisdiction of the Eastern District of California. 28 U.S.C. § 84. Accordingly, the Eastern District is the appropriate venue for Petitioner's action. 28 U.S.C. § 2241(c)(3).

**II.     Exhaustion**

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). If

---

[1] The precise question before the Ninth Circuit in *Ramirez* was whether *Heck v. Humphry*, 512 U.S. 477 (1994) barred a prisoner's civil rights action under 42 U.S.C. § 1983 where the claim, if successful, might invalidate a disciplinary action that could affect the length of the prisoner's confinement. *Ramirez*, 334 F.3d at 852-53. The statement from *Ramirez* relied on by Respondent regarding habeas jurisdiction is thus dictum. The tenuous support that *Ramirez* affords Respondent's position is typical of the authorities cited in Respondent's jurisdictional argument.

[2] Respondent attempts to limit the holding in *Presier* to situations in which a sentencing court's action is unauthorized. (Answer at 10 n.3); this purported limitation does not change the simple fact that Respondent's blanket contention, that section 2241 does not confer jurisdiction over actions that do not challenge the fact or duration of confinement, is contrary to well settled law.

a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

Respondent affirmatively asserts exhaustion as a grounds for dismissal. (Answer at 14). Petitioner concedes that he has not exhausted his administrative remedies, but asserts that his failure to exhaust should be excused because 1) his institution is on lock down status; 2) his facility lacks adequate staff to carry out the administrative remedy program; 3) necessary forms are unavailable; 4) inmates cannot file administrative grievances concerning this issue; and 5) he was told by staff to get out of their office when he attempted to raise the issue. (Pet. at 2). The Court finds that Petitioner's conclusory allegations are false. Leticia Ortiz, Petitioner's case manager at USP Atwater, submitted a sworn declaration which states that 1) inmates are not denied use of the administrative remedy process when the penitentiary is on lock down; 2) Petitioner's institution is adequately staffed to allow inmates to pursue administrative remedies; 3) Petitioner has never requested any administrative remedy forms; 4) inmates are permitted to use the administrative remedy process to request assessment for placement in an RRC; and 5) Petitioner has never been denied the ability to utilize the administrative remedy process. (Answer, Ex. 3 at 1-2). Ms. Ortiz's declaration is sufficient to rebut Petitioner's unsupported arguments.

Petitioner also suggests that exhaustion would have been futile because his administrative grievances "would most likely have been rejected based upon official BOP policy...which prohibits consideration of any inmate transferred [sic] to an RRC until the inmate has served at least 90% of his sentence." (Pet. at 3). Petitioner's supposition is erroneous, as the regulations Petitioner contends render his administrative remedy futile are no longer applicable. *See Hickey v. Adler*, 2009 U.S. Dist. LEXIS 67064*9 (E.D. Cal. 2009). Pursuant to current BOP policy, a federal prisoner may request transfer to an RRC at any time and will receive an individualized consideration notwithstanding the amount of time remaining on her sentence. *Id.* Accordingly, Petitioner may obtain the same relief he seeks from this Court by simply requesting consideration for RRC

1  placement, and, in the event his request is denied, by pursuing the administrative remedies set forth
2  in the Code of Federal Regulations. *See* 28 C.F.R. §§ 542 *et seq.* The Court must presume that, if
3  Petitioner pursues his administrative remedies, the BOP will consider his request consistent with its
4  governing statutes. *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000) ("Absent a demonstration to
5  the contrary, we presume [an agency] follows its statutory commands and internal policies in
6  fulfilling its obligations").[3]

7  Because Petitioner has failed to demonstrate any legitimate reason why the Court should
8  excuse his failure to exhaust his administrative remedies, the Court finds that the petition should be
9  dismissed and that Petitioner should seek to exhaust his administrative remedies before proceeding
10 in federal court. *See Rison*, 895 F.2d at 535.

## Order

12 For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED without
13 prejudice.
14 IT IS SO ORDERED.
15 **Dated:   December 14, 2009**            /s/ **John M. Dixon**
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] In *Garner*, the Supreme Court applied this presumption to a state's parole board, citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-268 (1954), an immigration case, as authority for the presumption. Accordingly, the Court reads *Garner* as stating a general presumption that an agency is presumed to act consistent with its governing regulations.